IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| MICHAEL KELLEY, | ) | |
| | ) | Civil No. 00-1440-JO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| ROBERT LAMPERT, | ) | |
| Superintendent, Snake River | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

    Michael Kelley
    SID #8704552
    2605 State Street
    Salem, Oregon 97301

        Petitioner Pro Se

    John R. Kroger
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his state convictions for Kidnapping in the First Degree, Promoting Prostitution, Coercion, Forgery in the First Degree, Theft in the First Degree and Compelling Prostitution. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#14) is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On October 28, 1997, the Lane County Grand Jury returned a superceding indictment charging petitioner with thirty-two counts of Promoting Prostitution, one count of Kidnapping in the First Degree, two counts of Coercion, one count of Forgery in the First Degree, two counts of Theft in the First Degree and one count of Compelling Prostitution. Respondent's Exhibit 102. A jury convicted petitioner on all counts except one count of promoting prostitution and the sentencing court imposed a sentence totaling 589 months. Respondent's Exhibit 101.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without written opinion, and the Oregon Supreme Court denied review. State v. Kelley, 165 Or. App. 484, 999 P.2d 561 (2000), rev. denied, 330 Or. 412, 8 P.3d 219 (2000); Respondent's Exhibits 103, 106-110.

2 - OPINION AND ORDER

Petitioner did not seek post-conviction relief ("PCR") prior to filing the subject federal habeas corpus action on October 25, 2000. However, on June 18, 2002, this court granted petitioner's motion for order holding the one exhausted claim in his Amended Petition (#14) in abeyance and dismissing his unexhausted claims without prejudice during the pendency of his state post-conviction proceedings. Thereafter, petitioner filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Respondent's Exhibits 141, 147-148. Petitioner then filed a successive PCR petition. The PCR court granted the State's Motion for Summary Judgment on the basis the petition was barred by the statute of limitations. The Oregon Court of Appeals affirmed without a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 117, 121-122.

On November 30, 2007, this court reopened petitioner's federal habeas action. The remaining claim in petitioner's Amended Petition for Writ of Habeas Corpus is the following:

> Claim Three: Mr. Kelley was denied his Fourteenth Amendment Due Process right to a fair trial because the evidence was insufficient to sustain proof beyond a reasonable doubt as to each count of counts 1 through 30 in the indictment.

Respondent asks the court to deny relief on the Amended Petition because petitioner's arguments, as set forth in his pro se submissions, that he was convicted of promoting prostitution based on insufficient facts and that the State failed to prove

3 - OPINION AND ORDER

venue/jurisdiction in reference to several counts are without merit.[1]

## DISCUSSION

### I. Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are

---

[1] In an Order (#97) dated October 26, 2009, the court granted petitioner's counsel's motion to withdraw. In that Order, the court directed petitioner to proceed pro se and permitted him to file a pro se supporting memorandum. Petitioner submitted two briefs and supplemental exhibits (#98, #99 & #100). The court will rely on these pro se submissions in its analysis of this habeas case. Accordingly, petitioner's counseled briefs in support (#63 & #86) are stricken.

4 - OPINION AND ORDER

materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

The last reasoned decision by the state court is the basis for review by the federal court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Van Lynn v. Farman, 347 F.3d 735, 738 (9th Cir. 2003). When a state court does not supply the reasoning for its decision, a federal court does an independent review of the record to determine whether the state court decision was objectively unreasonable. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). If the federal court does not find the state court decision was objectively unreasonable, deference is given the state court decision and habeas relief is denied. Id. at 981-82. Here, in the absence of a reasoned Oregon decision, the court conducted an independent review of the record in reviewing petitioner's claims.
///

5 - OPINION AND ORDER

## II. Application

### A. Sufficient Evidence to Convict on 30 Separate Counts of Promoting Prostitution (Claim Three)

In his pro se supporting briefs, petitioner contends the State presented insufficient evidence at his trial to convict him of 30 separate counts of promoting prostitution because: (1) the State only presented evidence supporting one agreement between him and the victim identified in counts 1-30 ("Howell"), and thus, there was one act of inducement for multiple acts of prostitution on which to predicate a single conviction for promoting prostitution; (2) the State failed to present corroborating evidence proving Howell attempted to or actually engaged in prostitution; and (3) the State failed to prove "venue" as to several counts of promoting prostitution in which the acts of prostitution were alleged to have occurred outside of Lane County.

As a preliminary matter, the parties agree Jackson v. Virginia, 443 U.S. 307 (1979) governs this sufficiency of the evidence issue. In reviewing a conviction under this standard, a court must determine whether the evidence, examined in the light most favorable to the prosecution, would allow any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Id. at 318. With regard to the elements of the crime of promoting prostitution, ORS 167.012(1) provides:

> A person commits the crime of promoting prostitution if, with intent to promote prostitution, the person knowingly:

6 - OPINION AND ORDER

* * *

(b) Induces or causes a person to engage in prostitution or to remain in a place of prostitution; or

(c) Receives or agrees to receive money or other property, other than as a prostitute being compensated for personal services, pursuant to an agreement or understanding that the money or other property is derived from a prostitution activity.

As noted above, the court has made an independent review of the record in this case. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of promoting prostitution. Specifically, there was evidence from which a reasonable juror could conclude that on at least 15 separate occasions, petitioner induced or caused Howell to engage in acts of prostitution, and that on at least 15 separate occasions within Lane County, he received and/or agreed to receive money from Howell pursuant to agreements or understandings that the money was derived from a prostitution activity. Even as summarized by petitioner in the "Testimony at trial" section of his supporting memorandum (#98), pp. 14-21, there is ample evidence supporting the convictions.

At the close of the State's case in chief, petitioner moved for judgment of acquittal on several grounds. At this time, the trial court addressed petitioner's argument that the evidence presented at trial showed, at most, that there was one agreement between petitioner and Howell, and therefore, at most, the jury could convict him on one count of promoting prostitution for one

7 - OPINION AND ORDER

act of inducement related to multiple acts of prostitution. The court held as follows:

> THE COURT: Well, this motion was one that I anticipated might be made, and I'll indicate to you I understand the defendant's argument that his alleged promotional activities were at most a single criminal enterprise and that he therefore at least may not be charged with more than one count of inducement. As Ms. Davis pointed out, this issue was raised in the case of State v. Williams, 119 Or App 129, which is a (1993) case but not decided by the Court of Appeals.
>
> The Court disagrees with the defendant's analysis. While inducement may cover more than one act, such as was arguably the case in some of the events, it may also be act specific depending on the evidence.
>
> Promoting prostitution may be committed in any of the four ways set out in ORS 167.012. For example, violations of subsections 1(a) and (d) may be continuing offenses in which multiple acts support only one criminal charge, where, for example, the State's theory is facilitation of an enterprise.
>
> However, the indictment in this case does not plead an enterprise theory, and relies upon individual acts of inducement and receipt. There is no reason that the State may not proceed on this theoretical framework. While Williams is the only Oregon case I have located which alludes to the issue, the Washington court addressed this issue when promoting prostitution is a continuing offense in facilitation cases under its statute in another context in State vs. Gooden, G0-O-O-D-E-N, 754 P2d 1000 (1988). That case has some instructive parallels, in the Court's analysis, and the motions are denied.
>
> \* \* \*
>
> All right. Motions denied, and even though I was referring previously to a theoretical framework, there is certainly evidence of multiple acts of inducement and not just one, and so the motion is denied.

Trial Transcript, Part B, Volume VII, pp. 97-99.

8 - OPINION AND ORDER

Petitioner further contends that the State was required to present corroborating evidence that Howell attempted to or actually did engage in prostitution. This argument is without merit. The cases cited by petitioner, State v. Montgomery, 26 Or. App. 817 (1976) and State v. Patrick, 17 Or. App. 291 (1974), involved interpretation of ORS 167.022 which required that a person not be convicted under the promoting prostitution or compelling prostitution statutes solely on the uncorroborated testimony of the victim. This statute was repealed in 1979. Accordingly, petitioner's argument is without merit.

Finally, the trial court addressed petitioner's contention that the State failed to prove venue as to several counts involving the receipt or agreement to receive money where the alleged acts of prostitution occurred outside Lane County. In addressing petitioner's motion for judgment of acquittal on that basis the trial court held as follows:

> THE COURT: Let me clarify then my understanding of the motion. She is moving to acquit on any of the counts in 16 through 30, as I understand it, in which the State is not moving upon an either actual receipt in Lane County or an alleged agreement to receive in Lane County.
>
> * * *
>
> Well, at this point [the State is] telling you [it] is not going to rely on anything out of county in [] 16 through 30 where there's no receipt or agreement to receive in Lane County.
>
> * * *

9 - OPINION AND ORDER

> MS. TRACY: * * * Every count that we'll be relying upon that will be presented to the jury will have a nexus to Lane County, because that's an element of the crime.
>
> THE COURT: The motion is denied.

Trial Transcript, Part B, Volume VII, pp. 101-04.

Although petitioner disagrees with these trial court holdings, state courts are the final arbiters of state law, and a state court's interpretation of state law is binding on a federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002)("A state court had the last word on the interpretation of state law.")(citing McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir. 1989)); Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000)("[A] federal court is bound by the state court's interpretations of state law."(citing Wainwright v. Goode, 464 U.S. 78, 84 (1983)); Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994)(state courts are the ultimate expositors of state law).

Moreover, petitioner argues that when there is only one agreement or understanding, ORS 167.012(1)(b) only punishes the initial inducement to engage in prostitution. He bases this argument on the legislative history of the statute. The Commentary to the Proposed Oregon Criminal Code notes that the promoting prostitution statute "creates a single comprehensive offense

10 - OPINION AND ORDER

covering conduct characteristic of prostitution carried on as a commercial enterprise." Proposed Oregon Criminal Code, Commentary § 251 (1970). Petitioner's suggestion notwithstanding, this statement does not resolve the question of whether the legislature intended the statute to apply every time a defendant induces or causes his victim to commit acts of prostitution or if it should apply only to the first inducement. The more convincing argument is that ORS 167.012(1) read in conjunction with ORS 167.007(1)(a), the statute defining what it is to commit the crime of prostitution, requires a court to consider each independent act of prostitution, as well as the discrete instances in which a defendant induces or causes his victim to engage in these acts. Under this view, the trial court's determination that the statute allowed for punishment of the discrete instances of promoting prostitution under the facts in this case was not unreasonable.[2]

Based on the foregoing, petitioner cannot demonstrate that the trial court's determination that the State presented sufficient evidence from which a jury could find under Oregon law that petitioner committed 30 counts of promoting prostitution, was contrary to, or an unreasonable application of, clearly established federal law as defined by the Supreme Court.

---

[2] As the State correctly notes, this interpretation is in accord with the analysis of a similar statute previously examined in this district court. See Davis v. Hill, CV. No. 06-1497-JE, 2009 WL 2477252 (D. Or. July 2, 2009).

11 - OPINION AND ORDER

B. **Evidentiary Hearing**

Petitioner contends the court should grant him an evidentiary hearing and "force the State to prove how they obtained venue/jurisdiction under the law to support the out-of-county convictions against [him] beyond a reasonable doubt." Petitioner's Motion to Amend Supporting Memorandum (#99), p. 8.

Petitioner is not entitled to an evidentiary hearing in this federal court to further develop the merits of his claim unless he diligently attempted to develop the evidence in state court, but was unable to do so. Williams v. Taylor, 529 U.S. 420, 433-38 (2000). If petitioner failed to diligently develop the evidence, an evidentiary hearing is permitted only if petitioner's claim relies on: 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(I) and (ii). In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence, that no reasonable fact finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

Petitioner's request for an evidentiary hearing is denied. He makes no offer of proof as to the evidence he would seek to present in an evidentiary hearing or the reasons why he did not

12 - OPINION AND ORDER

present such evidence during his state court proceedings. Moreover, to the extent petitioner seeks to present his supplemental exhibits (#100), his request for an evidentiary hearing is denied on the basis that he cannot show that he diligently attempted to develop this evidence in state court or that it would be sufficient to establish by clear and convincing evidence, that no reasonable fact finder would have found him guilty on 30 counts of promoting prostitution.

## CONCLUSION

For the foregoing reasons, the Amended Petition for Writ of Habeas Corpus (#14) is DENIED, and this case is DISMISSED, with prejudice. In addition, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this 12th day of October, 2010.

Robert E. Jones
United States District Judge